McCLENDON, J.
| ^Plaintiff, Carmel Turner, appealed the decision of the Civil Service Commission upholding several disciplinary sanctions, including termination, imposed by her employer-defendant, the Housing Authority of Bunkie (HAB).[1] We agree with the referee’s well-founded decision, and affirm by summary disposition.
Ms. Turner appealed the following disciplinary actions to the Civil Service Commission:
1. beginning October 10, 2002, a ten day suspension for disrupting operations by being loud, disrespectful, and confrontational, and for costs incurred by her unilateral decision not to attend a conference without timely canceling her hotel reservation;
2. beginning January 16, 2003, a two day suspension for failing to follow call-in procedures when she could not fulfill her workday time requirements;
3. a one day suspension on January 3, 2003, for failure to follow supervisory directives and to perform her duties; and,
4. termination from service effective February 6, 2003, for failure to perform her duties and an attempt to deflect blame to others, coupled with the prior disciplinary actions.
A referee was appointed and heard the administrative appeal on July 23-24, 2003.
After the hearing, the referee made findings of fact and conclusions of law. Based on her findings, the referee upheld the disciplinary actions, including the termination. The Civil Service Commission (commission) denied Ms. Turner’s application for review, whereby the referee’s decision became the final decision of the commission.
Ms. Turner assigned error to the referee’s factual findings and legal conclusions. She specifically asserts that:
(1) the discipline resulted from personality conflicts that occurred after Ms. Turner reported her supervisor for misuse of funds;
|4(2) the discipline was taken in retaliation for Ms. Turner’s reports against her supervisor;
(3) the referee erred in rejecting Ms. Turner’s objection to evidence of incidents that occurred four to seven months before the final letter of termination; and,
(4) the referee did not have sufficient cause to terminate Ms. Turner’s employment.
This is essentially a case based on credibility determinations. After a thorough review of the record, we find no manifest error in the referee’s factual determinations, which were adopted by the commission. See Walters v. Department of Police of the City of New Orleans, 454 So.2d 106, 113 (La.1984). Based on those factual determinations, we cannot say that the disciplinary actions taken by HAB were arbitrary or capricious, or an abuse of discretion. Id.
The record reasonably supports a finding that, despite any personality problems *704 between Ms. Turner and her supervisor, the disciplinary actions, including the final termination, were legitimate responses to documented work problems that disrupted the efficiency of HAB. The allegedly stale incidents, which pre-dated the report of improprieties made by Ms. Turner against her supervisor, are an integral part of the evidence of continuing disciplinary problems exhibited by Ms. Turner from March of 2002 until her termination in February of 2003. The earlier incidents were not condoned by HAB, nor were they irrelevant, immaterial, or unduly prejudicial to the proceedings, especially on Ms. Turner’s claim of retaliation.
For these reasons, we affirm the commission’s decision by summary disposition in accordance with the Uniform Rules-Courts of Appeal Rule 2-16.2(A)(5-8). The costs of the appeal are assessed to plaintiff-appellant, Ms. Turner.
AFFIRMED.

. Ms. Turner’s immediate supervisor was the Executive Director of HAB, Ms. Penailope McWilliams. Although Ms. McWilliams apparently had the authority to discipline Ms. Turner directly, the HAB board was consulted and affirmed the sanctions. All the notices of disciplinary actions were signed by Ms. McWilliams as Executive Director of HAB.